# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| LESA BENEDICT | ) | |
| (Chapter 7 Case Number <u>04-21032</u>) | ) | Number <u>04-02106</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| F/S MANUFACTURING, INC., | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LESA BENEDICT, | ) | |
| | ) | |
| *Defendant* | ) | |

## MEMORANDUM AND ORDER
## ON MOTION FOR SUMMARY JUDGMENT

On June 30, 2004, Lesa Benedict f/k/a Lesa Kensmoe ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code. On September 14, 2004, F/S Manufacturing, Incorporated filed an adversary complaint against Debtor objecting to the discharge of a debt pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6). In response, Debtor filed an answer and counterclaim on September 30, 2004. On January 7, 2005, F/S filed a Motion to Dismiss Counterclaim and Motion for Summary Judgment. This matter is a core proceeding within the jurisdiction of this Court under 28 U.S.C. § 157(b)(2)(I).

AO 72A
(Rev. 8/82)

## DISCUSSION

The debt that is the subject of F/S's complaint is the result of a judgment rendered against Debtor in the Cass County District Court, East Central Judicial District, State of North Dakota (Civil No: 95-3184 ). In the suit, F/S alleged that Debtor was a former employee of F/S and that she embezzled funds due to F/S from approximately May of 1994 through June 22, 1995. F/S sought damages for the alleged theft, including direct damages, consequential damages, attorney's fees and costs. In support of its position, F/S provided the North Dakota state court with an Affidavit of Proof executed by an officer of F/S, Ed Ferguson. In the affidavit, Mr. Ferguson noted that Debtor had previously pled guilty to the offense of Theft of Property, a class B Felony, in the case of <u>North Dakota v. Kensmoe</u>, Criminal File No. 95-4308, slip op. at 1 (D.N.D., Cass County, June 10, 1996). Further, Mr. Ferguson detailed the amount of damages suffered by F/S as a result of Debtor's actions as follows:

| | |
|---|---:|
| Face amount of checks embezzled | $176,786.95 |
| Interest | 54,654.44 |
| Attorney's Fees | 59,344.19 |
| Lost Business Revenue | <u>160,000.00</u> |
| Total | $450,785.58 |

On March 9, 1998 the District Court of North Dakota issued a Judgment and Order for Judgment. The Judgment reads as follows:

> A summons and complaint in the above entitled action having been duly and regularly served on defendant on April 30, 1997, proof of such service having been filed with the clerk of court, and the court having been presented with due proof of such service and affidavits showing the

> default of the defendant and the amount due the plaintiff by the defendant, the court having ordered judgment in accordance with the prayer of plaintiff's complaint.
>
> Now, therefore, on motion of David J. Hauff, attorney for the plaintiff, it is
>
> ADJUDGED AND DECREED that the plaintiff have judgment from the defendant the sum of $450,785.58, plus costs and disbursements to this action to be taxed and allowed by the clerk of court in the amount of $109.20, for a total judgment in the amount of $450,894.78.
>
> <u>F/S Manuf. v. Kensmoe</u>, Civil Action No. 95-3184 (E.C.D. N.D., County of Cass, March 9, 1998).

Nowhere in the Judgment or Order for Judgment does the North Dakota court articulate the legal theory underlying the judgment.

In the current adversary complaint, F/S charged that, "[d]uring her employment, the Debtor tortiously and criminally misappropriated substantial sums from F/S." Complaint to Determine Dischargeability, ¶3 (Sept. 14, 2004). Debtor admitted such allegation in her answer. Answer to Complaint and Counterclaim, ¶3 (Sept. 30, 2004). Instead of disputing her actions, Debtor filed a counterclaim in which she attacked the North Dakota judgment on the grounds that the method of service was insufficient and the amount of the judgment was "legally improper." Debtor contends that service in the North Dakota civil case was made at an address F/S knew or should have known was incorrect.

In response to Debtor's counterclaim, F/S filed a Motion to Dismiss Counterclaim and Motion for Summary Judgment. F/S contends that Debtor's counterclaim is an impermissible collateral attack on a state court judgment. In arguing that summary judgment is appropriate, F/S notes that Debtor does not dispute either the fact of her debt or that her theft caused such debt. Instead, Debtor only disputes the amount of the debt and that the judgment was properly obtained. As further support for its current motion for summary judgment, F/S has provided this Court with the recently executed affidavit of Ed Ferguson in which Mr. Ferguson stated that, "[w]hile employed by [F/S], [Debtor] stole at least $176,786.95 from the F/S." Affidavit of Ed Ferguson, ¶4 (January 7, 2005).

In opposition to the motion for summary judgment, Debtor argues that this court should not be collaterally estopped from relitigating the matters of the North Dakota suit. Specifically, she believes that summary judgment is inappropriate because there is a colorable argument that she can show procedural defects which will negate the North Dakota civil judgment such that the dollar amount of the judgment can be reviewed by this Court. If the civil judgment is reviewed, Debtor contends it will be found that the amount of the judgment is not consistent with the dollar amount of the property Debtor was convicted of taking. Finally, Debtor argues that this Court is free to redetermine whether the debt is dischargeable under § 523(a)(2), (4) and (6) irrespective of the North Dakota state court judgment.

## ANALYSIS

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56, made applicable to bankruptcy practice pursuant to Federal Rule of Bankruptcy Procedure 7056, governs a summary judgment motion. Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties indicate that there is no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In analyzing a motion for summary judgment, the Court must view all the evidence and factual inferences drawn therefrom in a light most favorable to the nonmoving party. *See* Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing no such issues exist. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, Rule 56(e) provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, once the moving party has met its burden, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. *See* Allen, 121 F.3d at 646.

*North Dakota Judgment*

The first issue to be determined is how much weight I should accord the North Dakota civil judgment. Because the judgment contains no findings concerning the actions of Debtor, it presents a less than ideal situation for applying collateral estoppel. However, it is not necessary that I give collateral estoppel effect to the North Dakota judgment to establish that Debtor embezzled amounts from F/S. Indeed, Debtor has admitted in her answer that, "[d]uring her employment, [she] tortiously and criminally misappropriated substantial funds from F/S." Likewise, F/S is not asking that this Court give collateral estoppel effect to the amount of damages previously fixed by the North Dakota District Court. F/S is only requesting that this Court declare nondischargeable all amounts that Debtor owes F/S based on her "tortious and criminal" activities. F/S concedes that Debtor can attempt to contest the North Dakota judgment. However, it believes that North Dakota is the proper forum for any such action. I agree.

In In re Dennis, No. 93-40713, 1997 WL 33475564, at *2 (Bankr. S.D. Ga. Feb. 21, 1997), I considered the validity of a debt that had been reduced to judgment in a Kentucky Circuit Court seven years earlier. In refusing to relitigate the claims of the prior judgment, I stated that "[a]ny claims . . . affecting the validity or amount of that deficiency judgment must be addressed to that Court." Id. This case presents a similar situation. Here, it is undisputed that Debtor "tortiously and criminally misappropriated substantial sums from

F/S." I am not directing that Debtor pay F/S any sum certain. I am only holding, as will be discussed infra, that any amounts owing to F/S arising from the judgment, as now existing or hereinafter amended, are nondischargeable. Accordingly, Debtor's argument that the North Dakota civil judgment is void on the grounds that she was not provided with proper service of process is not justiciable in this Court. If she wishes to contest the validity or amount of the judgment, she can file the appropriate action in North Dakota. However, out of respect for state law, I will not relitigate any of the matters in or surrounding the North Dakota civil judgment.

*Nondischargeability of Judgment Debt*

Although the Bankruptcy Code generally favors discharge of all pre-petition debts, some debts are deemed nondischargeable. Section 523(a)(6) excepts from discharge a debt, "for willful and malicious injury by the debtor to another entity or to the property of another entity." In order to have the judgment debt excepted from discharge, F/S must prove its case by a preponderance of the evidence. *See* Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991) (holding that preponderance of the evidence standard, rather than clear and convincing evidence standard, applies to all exceptions from dischargeability in § 523(a)).

Federal law governs the determination of what constitutes "willful and malicious injury" under § 523(a)(6). *See* Kawaauhau v. Geiger, 523 U.S. 57, 60-61, 118

S.Ct. 974, 976, 140 L.Ed.2d 90 (1998). In Geiger, the Supreme Court limited the scope of what is willful and malicious for purposes of § 523(a)(6) when it stated that, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." 523 U.S. at 64, 118 S.Ct. at 978. In light of the teachings of Geiger, this Court previously held that "conversion of a creditor's property can . . . constitute a willful and malicious injury and render the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6) . . . so long as *both the act and the injury* can be found to be deliberate and intentional." First Liberty Bank v. Allen (In re Allen), Nos. 98-4139, 98-40838, 1999 WL 33588549, at *3 (Bankr. S.D. Ga. Sept. 23, 1999) (emphasis added) (citing In re Lagrone, 230 B.R. 900, 903 (S.D. Ga. 1999)). To satisfy the standard enunciated in First Liberty, it is not enough that Debtor's intentional act of conversion caused the injury. Instead, Debtor must have also intended the injury which resulted from the act of conversion.

Conversion is generally defined as, "[t]he wrongful possession or disposition of another's property as if it were one's own; an act or series of acts of willful interference, without lawful justification, with an item of property in a manner inconsistent with another's right, whereby that other person is deprived of the use and possession of the property." Black's Law Dictionary, 356 (8th ed. 2004). Here, Debtor concedes that, "[d]uring her employment, [she] tortiously and criminally misappropriated substantial funds from F/S." Based on such admission, there can be no doubt that Debtor intended both the act of converting F/S's property and that F/S would suffer the loss of the face amounts of the

AO 72A
(Rev. 8/82)

8

checks that she appropriated, $176,786.95, such that it is appropriate to grant F/S's summary judgment with regard to that amount. What is a more difficult question, however, is whether the other parts of the North Dakota judgment (attorney's fees, interest and lost business revenue) should be excepted from discharge based on F/S's summary judgment motion.

In Cohen v. De La Cruz, 523 U.S. 213, 223, 118 S.Ct. 1212, 1219, 140 L.Ed.2d 341 (1998), the Supreme Court held that all liability arising from a debtor's fraudulent behavior, including an award of treble damages, attorney fees and costs, was nondischargeable pursuant to § 523(a)(2)(A). Other courts have used the rational of Cohen to hold that when a state court judgment arises entirely from a willful and malicious injury inflicted by the debtor, the entire judgment, including costs and attorney's fees, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). See Nolan v. Smith (In re Smith), 321 B.R. 542, 550 (Bankr. D. Colo. 2005); In re Auffant, 268 B.R. 689 (Bankr.M.D. Fla. 2001); Pettey v. Belanger, 232 B.R. 543, 547-48 (D. Mass. 1999). In light of the Supreme Court's holding in Cohen, I hold that the entire the judgment debt owing to F/S should be nondischargeable pursuant to § 523(a)(6).

## CONCLUSION

Based on the preceding discussion, I hold that the debt owing to F/S by reason of the North Dakota judgment (Civil No: 95-3184) is excepted from discharge pursuant to § 523(a)(6). Because of this fact, I decline to address F/S's § 523(a)(2) and (4)

arguments. It should finally be repeated that this Order only resolves the dischargeability of the debt originating from the North Dakota judgment for bankruptcy purposes, and it will be of no force and effect in the event Debtor is successful in having that judgment set aside.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that F/S Manufacturing, Inc.'s Motion for Summary Judgment is GRANTED, and Lesa Benedict's Counterclaim is DISMISSED. Lesa Benedict is not entitled to a discharge of any debt owing to F/S Manufacturing, Inc. as a result of the judgment of the Cass County District Court, East Central Judicial District, State of North Dakota (Civil No: 95-3184 ), as now existing or hereinafter modified.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 9th day of May, 2005.